Shepherd v Workmen's Circle Multicare Ctr. (2024 NY Slip Op 00747)

Shepherd v Workmen's Circle Multicare Ctr.

2024 NY Slip Op 00747

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 815232/21 Appeal No. 1649 Case No. 2023-00203 

[*1]Sanora Shepherd, Plaintiff-Appellant,
v
Workmen's Circle Multicare Center, et al., Defendants-Appellants, Montefiore Medical Center Home Care, et al., Defendants-Respondents.

Ressler & Ressler, New York (Ellen R. Werther of counsel), for Sanora Shepherd appellant.
Goldberg Segalla LLP, Buffalo (James M. Specyal of counsel), for Workmen's Circle Multicare Center and Jopal Bronx, LLC, appellants.
Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, New York (Jonathan Waldauer of counsel), for respondents.

Order, Supreme Court, Bronx County (Michael A. Frishman, J.), entered on or about January 6, 2023, which denied plaintiff's motion to renew the motion to change venue, and denied plaintiff's and defendant Jopal Bronx, LLC d/b/a Workmen's Circle Multicare Center's respective motions to discontinue the action as against Jopal, unanimously reversed, on the law and the facts, without costs, the motions granted, the action discontinued as against Jopal, and the venue transferred from Westchester County to Bronx County.
In this medical malpractice action, plaintiff alleges that that she did not receive proper care in preventing and treating skin wounds and infections at defendant Jopal's facility, and then at defendants Montefiore Medical Center Home Care, CHHA and Montefiore Medical Center (collectively Montefiore). The action was transferred by the court from Supreme Court, Bronx County, to Supreme Court, Westchester County, based on a forum selection clause in the admissions agreement between plaintiff and Jopal. Subsequent to the transfer, plaintiff and Jopal executed a stipulation of discontinuance with prejudice, which was signed by their attorneys, but not by Montefiore's counsel. Plaintiff and Jopal then moved to discontinue the action against Jopal pursuant to CPLR 3217(b).
The court improvidently exercised its discretion in declining to grant the motion to discontinue the action against Jopal. A stipulation signed by all attorneys of record is not required where a court order is sought (CPLR 3217[b]), and the court here provided no other reason for its determination other than that Montefiore's counsel did not sign the stipulation. A party ordinarily cannot be compelled to litigate, and no special circumstance was shown here, especially since the action is still in the early stages of litigation (see Bank of Am., N.A. v Douglas, 110 AD3d 452 [1st Dept 2013]). Montefiore did not assert a cross-claim against Jopal, and it did not show prejudice. The discontinuance does not preclude Montefiore from bringing a third-party action against Jopal. In addition, General Obligations Law § 15-108 protects Montefiore from being held liable for more than its fair share of plaintiff's loss(see Whalen v Kawasaki Motors Corp., U.S.A., 92 NY2d 288, 292 [1988]).
The court also should have granted plaintiff's motion to renew and transferred venue back to Bronx County given the discontinuance of the claims against Jopal (see Arthur v Liberty Mut. Auto & Home Servs. LLC, 169 AD3d 554, 555 [1st Dept 2019]).
Plaintiff resided and was allegedly injured in Bronx County, which is the location of Montefiore and the place where most of the witnesses worked.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024